**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 15-20403-CR-DIMITROULEAS**

**UNITED STATES OF AMERICA**

vs.

**OSCAR DAVID PULGARIN-GANAN,**

    **Defendant.**
_____/

**SUPPLEMENTAL INFORMATION RELATED TO THE GOVERNMENT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO RULE 35(b) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE AND TITLE 18, UNITED STATES CODE, SECTION 3553(e)**

Pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 3553(e), the United States of America hereby submits this supplemental information related to the government's previously filed motion and respectfully requests that the Court consider this information in determining the appropriate sentence reduction for defendant OSCAR DAVID PULGARIN-GANAN ("PULGARIN"). In support of the government's motion, the government states the following:

1.    As the Court is aware, the government filed a Rule 35 motion to request a reduction of sentence for PULGARIN and the Court set a hearing date for December 30, 2019. On December 23, 2019, the government filed a motion to continue the hearing to assess whether *United States v. DeJesus et al.*, 19-CR-20660-RNS, had any impact on PULGARIN's case. In *DeJesus*, the government filed charges against two inmates and a corrections officer at the Federal Correctional Institution ("FCI") of Miami, Florida, for their involvement in a contraband smuggling ring inside of FCI, abetted by corrupt prison officials, and related money laundering

from the smuggling operations. The Court adjourned PULGARIN's Rule 35 hearing to February 7, 2020, pursuant to the government's request to allow the government additional time to investigate further.

2. The government has completed its assessment of the *DeJesus* allegations and determined that they do involve PULGARIN to some extent. Specifically, PULGARIN was involved in contraband smuggling at FCI. The primary contraband items that were smuggled into FCI were cellular telephones, cigarettes, facial cream, toothpaste, and sneakers. As part of his involvement, PULGARIN provided three payments totaling $10,000 to support the operation of the ring. This ring was assisted by a prison guard at FCI, who operated outside the prison and provided the contraband to another inmate from whom PULGARIN would purchase the items. PULGARIN also assisted in having the contraband items passed around the prison.

3. The government has concluded that this malfeasance by PULGARIN is not a sufficient basis for the government to withdraw its motion for a reduction under Rule 35. However, the government respectfully submits that this unlawful activity should have some impact on PULGARIN's ultimate sentence and respectfully requests that the Court consider this information in determining the appropriate reduction for PULGARIN.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: __/s/_____
WALTER M. NORKIN
Assistant United States Attorney
Court ID No. A5502189
99 NE 4th Street, Room 718
Miami, Florida 33132-2111
Tel: (305) 961-9406

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 27, 2020, the undersigned filed the foregoing document with the Clerk of the Court and served a copy upon defense counsel of record via email.

                                  /s/
                              Walter M. Norkin
                              Assistant United States Attorney