UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-20403-CR-DIMITROULEAS

UNITED STATES OF AMERICA

vs.

OSCAR DAVID PULGARIN-GANAN,

  Defendant.
_____/

**SECOND, JOINT MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO RULE 35(b) OF THE FEDERAL RULES OF CRIMINAL
PROCEDURE AND TITLE 18, UNITED STATES CODE, SECTION 3553(e)**

Pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 3553(e), the United States of America hereby moves for a SECOND downward departure to time served from the remaining sentence of defendant OSCAR DAVID PULGARIN-GANAN ("PULGARIN"), in order to reflect his substantial assistance in the prosecution and conviction of Luis Diever Duran-Caicedo ("Duran-Caicedo"), who was prosecuted in the Northern District of Georgia (Atlanta). In support of this motion, the government states the following:

I.  BACKGROUND

  1.  PULGARIN was charged with participating in an international cocaine distribution and importation conspiracy, in violation of Title 21, United States Code, Section 963. He was sentenced on March 17, 2016, to 240 months' incarceration. Thereafter the government filed a motion for reduction under Rule 35(b) and the Court reduced the sentence to 96 months'

1

incarceration. He is presently scheduled to be released in May 2022.

2. As the Court is aware from the Presentence Investigation Report ("PSI") and the Factual Proffer filed as part of the plea in this case, PULGARIN was a large-scale Colombian trafficker who partnered with other co-conspirators to ship cocaine from Colombia to Central America and Mexico. In that role, PULGARIN invested in the loads, re-sold them to Central American and Mexican purchasers, and coordinated the shipment of the drugs north from Colombia. As in the government's original motion under Rule 35(b), as part of his trial testimony, PULGARIN admitted to trafficking over 25 tons of cocaine. Most of the cocaine was ultimately imported into the United States after the loads reached Central America and Mexico.

## II. THE DEFENDANT'S ADDITIONAL COOPERATION

3. After PULGARIN was sentenced on the original Rule 35 motion, prosecutors and agents from Atlanta reached out to our District to inquire about witnesses who could help with several defendants that were being prosecuted in Atlanta. With our assistance, the Atlanta prosecutors and agents interviewed various cooperating witnesses in our District and determined that PULGARIN could assist them in the prosecution of Duran-Caicedo.

4. Duran-Caicedo was a transportation coordinator and re-seller of cocaine who operated from a base in Panama that connected cocaine being transported from Colombia to Central America, with ultimate importation to the U.S. He entered a guilty plea in September 2019, to conspiracy to distribute cocaine, knowing and intending that it would be imported into the United States, between November 2015 and September 2016. However, while Duran-Caicedo admitted his guilt, he minimized his role and involvement in the trafficking. Heading into sentencing, Duran-Caicedo contended that his base offense level under the United States Sentencing Guidelines ("Guidelines") was 32.

      5.      After PULGARIN was interviewed, he was transferred to Atlanta in the anticipation of testifying at a sentencing hearing for Duran-Caicedo.  As preparation for that testimony, PULGARIN's Jencks Act materials, including his testimony from the Mejia-Duarte trial and reports from his interviews regarding Duran-Caicedo, were provided to the defense.  In those interview reports, PULGARIN explained the general operations of receiving the boats of cocaine arriving from Colombia on the Eastern coast of Panama, briefly storing the cocaine, and the cocaine then moving northward through Central America and ultimately to the United States, as well as Duran-Caicedo's role in those operations.

      6.      Shortly before the sentencing date and having reviewed PULGARIN's Jencks Act materials, Duran-Caicedo conceded that his base offense level was 38 and in turn he received a 3-level upward role adjustment.  As a result, the final Guidelines range for Duran-Caicedo as calculated by the Court was 235 to 293 months.  The government recommended a sentence of 151 months as called for in the plea agreement, and the Court sentenced Duran-Caicedo to 108 months of imprisonment.

      7.      The government respectfully submits that PULGARIN should be credited with assisting in the U.S. prosecution of Duran-Caicedo.

### III.    CONCLUSION AND PARTIES' POSITION

      8.      The government is prepared to further elaborate on the nature and quality of this assistance at a hearing on the motion, if the Court so desires.  However, the parties are in

agreement that PULGARIN's substantial assistance merits a sentence reduction and that PULGARIN's sentence should be reduced to time served. If the Court is in agreement as well, there is no need for a hearing.

                                        Respectfully submitted,

                                        JUAN ANTONIO GONZALEZ
                                        ACTING UNITED STATES ATTORNEY

By:   /s/_____
      WALTER M. NORKIN
      Assistant United States Attorney
      Court ID No. A5502189
      99 NE 4th Street, Room 718
      Miami, Florida 33132-2111
      Tel: (305) 961-9406

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2021, the undersigned filed the foregoing document with the Clerk of the Court by ECF and served a copy upon defense counsel of record via email.

                /s/_____
                Walter M. Norkin
                Assistant United States Attorney